CANEN ET AL. *v.* USERVO, INC.

[No. 16,005. Filed June 1, 1938. Rehearing denied June 29, 1938.]

*Oscar Jay, Ruskin B. Phillips* and *D. Russell Bontrager,* for appellants.

*Jones, Obenchain & Butler,* for appellee.

KIME, J.—This action was instituted by appellee by a complaint in two paragraphs against appellants, the first seeking an injunction against tortious interference of appellee's property rights, the second sought the same relief and pleaded compliance with the refillable

container act, being Acts of 1935, ch. 204, p. 987, §66-201 Burns 1933, and §16196 Baldwin's 1934. An answer in general denial was filed to each paragraph of complaint and a further paragraph pleading estoppel, which was replied to in general denial. There was a special finding of facts upon which conclusions of law were stated, to which appellants excepted. There was a decree perpetually enjoining appellants from using, filling, distributing, storing, destroying, or keeping in their possession glass milk bottles, bearing appellee's trade-mark, to which was filed a motion to modify. This motion was overruled. The error assigned is that the court erred in each conclusion of law and in overruling the motion to modify.

The special finding of facts discloses that appellee was and had been for several years engaged in owning, licensing and leasing trade-marked, registered milk bottles; that these bottles were never sold; that a deposit was required to guarantee their return; that custom in that community did not include bottles in the purchase price paid by the milk consumer; that the appellee had licensed some thirteen retail milk dealers in that community to use its bottles; that there were approximately 50,000 bottles bearing appellee's trade-mark in daily use in such community; that at all times the appellee had followed a practice of returning all identifiable bottles to their rightful owners; that the appellant Alice Canen was the owner of a milk and distributing business; that she owned a grocery store; that she bottled and sold milk at both retail and wholesale in that community; that the appellant, Lester Canen, was her husband and the active manager of such businesses; that the appellant Alice Canen purchased some twenty-four gross of bottles, some plain and some lettered; that following that purchase for a time only she used such

plain and lettered bottles and did not use any of appellee's trade-marked bottles; that later in the course of business she received more of the appellee's trade-marked bottles than any other type; that she began to use the appellee's trade-marked bottles; that the appellee had never licensed the appellants, or either of them, and that they have never received any permission of any kind to use or retain said bottles; that the appellants have continuously, for some time, used the trade-marked bottles of the appellee and were at the time of the trial using the same; that each bottle bearing the appellee's trade-mark was of the value of from two and one-third to four and one-third cents; that the appellants have not adopted any distinguishing mark for their milk bottles; that they have never used any registered name, mark or devise upon their bottles and that the plain bottles purchased by the appellants bore no distinguishing or identifying mark; that the lettered bottles purchased by them bore miscellaneous marks, none of which were registered in the patent office or the office of the Secretary of State; that the appellee has been at all times and is now ready and willing to return to appellants any and all bottles that can be identified as their property and that the custom and practices in the community mentioned in relation to selling of milk and the use of containers therefor were known to all the parties hereto at all times.

It is appellants' contention that because the appellee has refused to turn over to the appellants all of the unmarked bottles in its possession that it is not entitled to an injunction restraining appellants from the use of the bottles of the appellee. The finding of facts clearly discloses sufficient facts to warrant the trial court in doing as it did, that is, issuing the injunction. Merely because the appellant purchased, used and put into circulation unmarked and unidentifi-

able bottles is no reason whatsoever for refusing equity's aid to the appellee.

The appellants from the facts found have totally failed to establish any estoppel by conduct as the court specifically found that both parties had equal knowledge of all the facts and customs relative to distribution of milk in containers in that community and, of course, there can be no estoppel where everything in relation to the transaction is equally well known by both parties.

Another contention of the appellants is that the appellee has come into equity with unclean hands. Under a similar state of facts this contention has been recently decided adversely to appellant in the case of *City Dairy Co.* v. *Uservo, Inc.* (1935), 101 Ind. App. 375, 199 N. E. 457, and there, as here, the appellant sought to prevail upon this court to adopt what has proven to be the minority holding in cases of this nature. These cases were distinguished there and again we say that they are not applicable and we reaffirm the holding there as an additional and further reason for the affirmance of the decree here.

The conclusions of law were correct upon the special finding of facts and the court did not err in refusing to modify the judgment. Judgment affirmed.